---

SUPREME COURT. At Chambers, City of New York, August, 1860. *Sutherland*, Justice.

## THE PEOPLE v. JAMES DIVINE.

Where, on the return to a writ of *habeas corpus*, the imprisonment was justified under a commitment in due form, by which it appeared that the prisoner had been regularly tried and convicted of petit larceny, before a Court of Special Sessions, held by three police justices, it was held to be competent for the prisoner's counsel to prove, by evidence *aliunde*, that only two of the police justices were, in fact, present when the prisoner was arraigned and pleaded,

The People *v*. Divine.

and when he was tried and sentenced, for the purpose of showing that the proceedings before the Court of Special Sessions were *coram non judice* and void.

There must be three police justices to hold a competent Court of Special Sessions in the city of New York. The forty-eighth section of the act of the legislature of April 14, 1857, is, so far as it affects this question, repealed by the eighth and ninth sections of the act of April 16, 1858. And where it appeared that a conviction had taken place before two police justices only, under which the defendant was imprisoned, he was discharged on *habeas corpus*.

JAMES DIVINE was sent to Blackwell's Island on a charge of petit larceny, the conviction having been had at a Court of Special Sessions, held in the city of New York by two police justices. His counsel had him brought up on *habeas corpus*, and asked for his discharge, on the ground that he had been illegally convicted. It was claimed that to give a Court of Special Sessions jurisdiction, it must be held by three justices.

*Phillips & Stuyvesant*, for the Prisoner.

*John Sedgwick* (Assistant District Attorney), for the People.

SUTHERLAND, J. The warden or keeper of the penitentiary, to the writ of *habeas corpus*, returns a copy of the commitment under which the prisoner was received into his custody, and by virtue of which he is held and detained. The commitment is in due form, and regular on its face. By it, it would appear that the prisoner was duly convicted of the crime of petit larceny, at a Court of Special Sessions of the peace, held by three police justices — Quackenbush, Kelly and Steers — on the 31st day of July, 1860, and that upon such conviction he was ordered and adjudged to be imprisoned in the penitentiary for the term of three months.

It was alleged on behalf of the prisoner, by way of a traverse of this return, that the said Court of Special Sessions, at which the prisoner was tried and convicted, was in fact held by two of the police justices only, viz.: Justices Quackenbush and Steers; that Justice Kelly was not, in fact, present when the prisoner was arraigned, tried or sentenced; and proofs

were offered *aliunde* the commitment or return to prove such allegations.

These proofs were objected to by the assistant district attorney, on the ground that in this *habeas corpus* proceeding I could not go behind the commitment; that it was of the nature of final process and could not be impeached in this proceeding. He also insisted that two police justices were authorized to hold a Court of Special Sessions, and, therefore, that the allegations and the proofs thereof were immaterial.

The proofs were received and the questions reserved.

No objections were made by the assistant district attorney to the form of the proofs.

It is conclusively shown, by several affidavits of parties present at the trial, and by the certificate of the clerk of the said Court of Special Sessions, that the said court, at which it is alleged the prisoner was so tried and convicted, was in fact held by only two justices; that Justice Kelly was not present when the prisoner was arraigned or pleaded, or when he was tried or sentenced.

The questions, then, are:

1st. Has the prisoner a right in this proceeding thus to impeach the commitment?

2d. If he has this right, do the facts shown by the affidavits and the certificate of the clerk of the Court of Special Sessions, so far impeach the commitment and the jurisdiction of the court which tried and sentenced the prisoner as to entitle him to his discharge?

I think that both questions must be answered in the prisoner's favor.

If two justices could not legally hold a Court of Special Sessions, but it took three to constitute such court, then the trial, conviction and commitment of the prisoner were absolutely void; for then the alleged court that tried and sentenced him was not a court, and the two justices who tried and sentenced him had no jurisdiction whatever, and the prisoner was and is unlawfully imprisoned.

Now, it is the very office of the writ of *habeas corpus* to

The People *v.* Divine.

ascertain whether the prisoner is unlawfully imprisoned — and how could the prisoner in this case show that the court was illegally constituted and had no jurisdiction, except in the way he has done, by proof *aliunde* the return or commitment?

The prisoner could hardly estop himself from the right of showing at any time, and at all times, a total want of jurisdiction.

It is plain by authority, as well as on principle, that the prisoner has a right to show in this proceeding that the court, or magistrate acting as a court, who tried and sentenced him, had no jurisdiction. It is sufficient to cite *The People* v. *McLeod* (1 *Hill,* 669, *and notes*).

If, then, the two justices, who undertook alone and without a third, as a Court of Special Sessions, to try and sentence and commit the prisoner, could not and did not legally constitute a Court of Special Sessions, and had no power to try, convict or commit him, he must be discharged.

Whether the two justices did or could constitute such court, and had such power, depends upon the construction of the eighth and ninth sections of the act of April 16th, 1858, entitled "An act to provide for the appointment of a clerk and deputy of the Court of Special Sessions, in the city and county of New York, and in relation to the justices of said court."

By the eighth section, "the said Court of Special Sessions may be held by any three of the said police justices, who shall sit alternately, except that one of their number may be selected to preside. And the said justices shall meet in convention and assign justices to hold the several terms of said court." By the ninth section, all acts and parts of acts inconsistent therewith, are repealed.

By the forty-eighth section of act of April 14th, 1857, amending the city charter, Courts of Special Sessions in the city of New York *may* be held by any *two* police justices of said city, and it is thereby declared that when so held, all the powers and jurisdiction appertaining by law to such court,

shall be possessed and exercised by the officers holding the same. .

The question is, was the provision in the act of 1857 repealed by the act of 1858 ?

It is almost too plain for argument that the word *may* in both statutes means shall. It is hardly necessary to resort to the general provision of the Revised Statutes, vol. 3, 5th ed., 869, § 29, to show this. Statutes conferring criminal jurisdiction should be construed strictly. Not less than three justices can hold the court under the act of 1858. It would certainly be extraordinary if we had two statutes on our statute books in force, the one authorizing Courts of Special Sessions in the city of New York to be held by two, and the other by three police justices.

I think the provision in the act of 1857 plainly inconsistent with the act of 1858, and was intended to be and was repealed by it, and, therefore, the prisoner must be discharged.